## PILLARD v. Adm'rs. of DARST..

Suit by the assignee of a promissory note against the adm'r. of the assignor, on the ground of the insolvency of the maker: proof, that the visible property of the maker was not equal in value to the amount of his indebtedness,. held, to be insufficient. to establish the insolvency.

### Error to St. Louis Circuit Court.

*Bogy and Hunton for Plaintiffs in Error..*

The only question for the adjudication of this court is, as to the liability of the defendants, under the assignment of the note by their intestate to the plaintiff: And, the decision of that question, must depend upon the construction to be given to the statute upon the subject of "assignments," pas-

sad Feb'y 11th 1825. See Revised Laws 1825, page, 143.—
See Breese's Reports, page 16, and Reports of cases in Illinois page 46.

*Primm for Defendants.*

Pillard, vs.
adminis'rs of
Darst.

1st. Did the assignee of that note "*use due diligence in* "*the institution and prosecution of a suit at law against the* "*maker for the recovery of the money due, or damages in lieu* *lieu thereof?*" The defendants say no.

2nd. *Was the maker insolvent, so that a writ would be unavailing?* The defendants contend that the term *insolvent*, used by the statute, means that kind of insolvency which is evidenced by taking the benefit of the insolvent act, and not the mere fact, that a person's *visible* property is not equal in value to the amount of his known debts. Rev. L. 1825, p. 143.

The defendants call the attention of the court to the additional point, that there is no evidence of demand and notice of non-payment to the assignor. Such demand and notice, they contend, is necessary to charge the assignor. Irwin vs Maury 1 Mo. Rep. p. 194.

*Opinion of the Court delivered by Napton Judge.*

Pillard presented for allowance to the county court of St. Louis county, a demand against the estate of Darst, founded on a note made by one Philip Borgna to Darst, and assigned by Darst to him, (Pillard.) The note was as follows: "St. Louis June 2, 1834. One year from date, I promise to pay John Darst, or order, one hundred and eighty dollars, for value received; with interest at the rate of ten per cent per annum from date. Ph. Borgna. $180,00." On the back of this note was the following endorsement: "For value received I assign the within note to Pierre Pillard—John Darst." "$10 Paid on account by me. Ph. Borgna." The signature of Darst was proved. This claim was not allowed by the county court, and an appeal was taken to the circuit court, where judgment was again given against Pillard.

The bill of exceptions details the testimony offered, from which, it appears that the maker of the note was a Catholic priest, stationed at this place (St. Louis;) that he was possessed of no property, with the exception of a horse, saddle

MAY TERM
1840.

Pillard vs.
administr'rs
of Darst.

and bridle, and a few ecclesiastical books, the value of which was not stated. One witness stated, that Bogna, the maker of the note, had nothing in this country, except his gown and breviary; that he was to all appearances an insolvent man; that he left this country in a clandestine manner, sometime in the month of December in the year 1836, leaving debts behind without making any provision to pay them. That he has never returned, and left no property here. It further appeared, that the administrator of John Darst, some time in the early part of the year 1836, gave notice to the endorsee to bring suit against the maker, which was not done. It also appeared, that the endorsee had often called on the administrator of the estate for the payment, which was always refused.

This claim, as it appears from the record, was submitted to the circuit court, sitting as a jury, and the court found for the defendants.

The main question, argued in this case, is the same which this court has determined in the case of Pococke v. Blount, decided at this term.

The only other question arising is, whether the verdict of the court is well supported by the facts in evidence. On this subject the rule has been often established by this court, that the evidence must greatly preponderate against the verdict to induce this court to direct a new trial. There is, in my opinion, no evidence of insolvency in this record. It would be quite easy to convict many very responsible persons of insolvency, if the want of any property, save a horse and some books, created an insolvency. No refusal by Borgna to pay any debt whatever was proved, and the want of due diligence by the holder was clearly established. The maker of this note continued in this country nearly eighteen months after it was due, and notwithstanding the administrators of the assignor notified the holder to bring suit, before Borgna had left the country, it was not done. The verdict of the court is well supported by the facts. Judgment affirmed.

Suit by the assignee of a promissory note against the adm'r of the assignor, on the ground of the insolvency of the maker: proof, that the visible property of the maker was not equal in value to amount of his known indebtedness, held, to be insufficient to establish the insolvency.