BAKER, Appellant, v. BLADES *et al.*, Respondents.

1. In order to entitle the assignee of a note not negotiable to sue the assignor, without fi. st instituting a suit against the maker, it must appear that such suit would be wholly unavailing.

*Appeal from Montgomery Circuit Court.*

*A. D. Glover, Glover & Richardson*, for appellant.

*G. Porter*, for respondents, cited Pillard v. Darst's adm'r, 6 Mo. 358 ; Hays v. Bell & Williams, 16 Mo. 496 ; Collins v. Warburton et al., 3 Mo. 146 ; Pococke v. Blount, 6 Mo. 338, 345 ; Ricketson et al. v. Wood et al., 10 Mo. 547 ; Delany's ex'r v. Kerr, 10 Mo. 553.

RYLAND, Judge, delivered the opinion of the court.

The question in this case is, whether an assignee, who could have recovered part of his debt of the makers of the note, was

bound to sue to entitle him to his remedy against the assignor. The suit here was by the assignee against the assignors. The court gave the following instruction for the plaintiff: "Unless the jury believe from the evidence that a sufficient amount could be made out of Smith and Britt, the makers of the note, to pay for the trouble and expense of a suit, they must find for the plaintiffs." The court also gave the following instructions for the defendants : " 1. The plaintiff can not recover in this case without having instituted and prosecuted suit against the makers at the first term of the Circuit Court next after the note fell due, unless it appear from the evidence in the cause that the makers of the note, and each of them, were so insolvent that a suit would have been wholly unavailing ; and it is not necessary that it should appear that the whole amount of said note could have been made, if it appears that enough of the debt could have been made by suit to make it worth a suit, in case the plaintiff had had no other resource except the makers of the note to make his debt out of. 2. The fact that the makers of the note had not, when the note fell due, visible property equal in value to the amount of their indebtedness, is not of itself sufficient evidence to establish the insolvency of the makers, but it may be considered in connection with other evidence in the cause. 3. If the makers of the note were not so insolvent, when the note sued on fell due, as to make it not worth while for the assignee, Baker, to bring suit against the makers (Britt and Smith) in case he had had no other means of collecting the note except out of said makers, then the plaintiff is not entitled to recover of the assignors, the defendants herein, and the jury should find for the defendants." The court refused to give the following for the plaintiff : " 1. If the jury believe that only a part of the amount of the note could have been made out of the makers, then the plaintiff is entitled to recover all that would not have been made out of the makers. 2. If the jury believe that the makers had no visible property at the time the note fell due, it is *prima facie* evidence of insolvency." The jury found for the defendants.

The court overruled the motion for a new trial, and the plaintiff brings the case here by appeal.

The question presented by this record has often been before this court, and we consider it settled by its repeated decisions. (Collins v. Warburton et al., 3 Mo. 145; Pococke v. Blount, 6 Mo. 338; Pillard v. Darst's adm'r, 6 Mo. 358; Ricketson et al. v. Wood et al., 10 Mo. 547; O'Fallon, exec'r of Delaney, v. Kerr, 10 Mo. 553; Clemens v. Collins, 14 Mo. 604; id. 11 Mo. 320; Stone v. Corbett, 20 Mo. 350.)

We do not conceive it necessary to examine further authorities on this subject. The books of reports of Kentucky and Virginia will furnish them to the curious, who wish to investigate this matter further. The judgment below must be affirmed; Judge Leonard concurring.