THE STATE, Plaintiff in Error, v. GOODE, Defendant in Error.

1. An indictment was in the following form : " The grand jurors for the State of Missouri, for the body of Putnam county, sworn, upon their oaths present, that B. E. G., late of Putnam county aforesaid, on the first day of October, in the year 1855, at the county aforesaid, did then and there unlawfully buy a certain commodity, to-wit, five deer skins, then and there of the value of five dollars, of a certain slave, called John," &c. *Held,* that a venue was properly laid to the commission of the offence.

*Error to Putnam Circuit Court.*

*Ewing,* (attorney general,) for the State.

I. The venue was sufficiently laid, (8 Mo. 283 ; 10 ib. 743 ; 19 ib. 386.)

RYLAND, Judge, delivered the opinion of the court.

Benjamin E. Goode was indicted by the grand jury of Putnam county, at the October term of the Circuit Court for said county, in the year A. D. 1855, for buying of a certain slave a certain commodity (deer skins) without the consent in writing of the master, owner or overseer of said slave first had and obtained. The defendant appeared to the indictment and moved to quash it for want of venue to the commission of the offence. The court sustained the motion, and quashed the indictment ;

the circuit attorney excepted, and brings the case here by writ of error.   The indictment is as follows·:

" The grand jurors for the State of Missouri, for the body of Putnam county, sworn, upon their oath present, that Benjamin E. Goode, late of Putnam county aforesaid, on the first day of October, in the year of our Lord eighteen hundred and fifty-five, at the county aforesaid, did then and there unlawfully buy a certain commodity, to-wit, five deer skins, then and there of the value of five dollars, of a certain slave called John, then and there being the property of William B. Jones, of which said slave, called John, he, the said William B. Jones, was then and there and still is the owner, without the consent in writing of the master, owner or overseer of said slave being by him, the said Benjamin E. Goode, then and there first had and obtained then and there, to authorize him, the said Benjamin E. Goode, to then and there buy the commodity aforesaid of the said slave, contrary," &c.

The defendant's motion to quash was " for the reason that said indictment does not lay any venue to the commission of the offence charged in the indictment."

There is not the slightest pretence to sustain this motion. Here are some six different statements of venue in one short indictment for one breach of one statute prohibiting any person from buying any commodity of a slave without having the master's, owner's or overseer's permission in writing therefor.

It is a subject of serious regret that so many indictments have been brought before our court by the improper action of the lower courts in quashing them for mere trifling informalities.   It is to be hoped that this practice will change ; that circuit attorneys will be more observant and particular in drawing indictments, and that the courts will be more careful not to quash indictments substantially good.

The judgment must be reversed, and the cause remanded for further proceedings ; the other judges concur.